UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE M. MILLER,

    Plaintiff,

v.                                                          Case No: 8:23-cv-499-CEH-AAS

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____

### ORDER

This matter comes before the Court on Plaintiff Kyle Miller's Motion to Amend Complaint (Doc. 32) and Motion to Remand (Doc. 33), which Defendant USAA Casualty Insurance Company opposes (Doc. 34). Defendant removed this insurance action based upon diversity jurisdiction. *See* Doc. 1. Plaintiff now seeks to amend the complaint to add a new party; because the addition of the new party would destroy diversity jurisdiction, however, he also moves for remand to state court.

Upon review and consideration, and being fully advised in the premises, the Court will deny the Motion to Amend Complaint and Motion to Remand.

### I.    BACKGROUND

On February 1, 2023, Plaintiff filed an uninsured motorist benefits claim against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, FL. Doc. 1-2 ¶¶ 1, 8. Plaintiff alleges that he was driving a motorcycle on May 17, 2022, when Kevin Feeney negligently changed lanes and

collided with him, causing significant physical injuries and damage to his personal property. *Id.* ¶ 8; Doc. 33.  Feeney was criminally charged with fleeing the scene of an accident. Doc. 33 at 2.  On March 6, 2023, Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1.

According to this Court's Case Management and Scheduling Order, the deadline to add parties or amend the pleadings was August 4, 2023. Doc. 12 at 2.  The discovery deadline was March 1, 2024. *Id.*

On March 11, 2024, Plaintiff moved for leave to file an amended complaint to add Feeney as a defendant in light of "new developments." Doc. 32 at 2-3.  Specifically, Plaintiff explains that he learned Feeney filed a state court action against him, which Defendant resolved in March 2024. *Id.* at 2.  In addition, he learned from Feeney's recent deposition that Defendant intends to pursue a comparative fault defense against Plaintiff in the instant case. *Id*.  Plaintiff also determined he has a claim against Feeney for personal property damage from the crash. *Id.*  As a result, Plaintiff argues he would be prejudiced if Feeney is not joined as a defendant because he will not be able to "obtain a full and final recovery in one action." Doc. 33 at 8.  Because Feeney's citizenship is not diverse from Plaintiff's, however, joining him as a party would destroy diversity jurisdiction in federal court. Doc. 33.  Accordingly, Plaintiff has also moved to remand the action to state court. *Id.*

Responding in opposition, Defendant argues that Plaintiff was aware of Feeney's existence before filing the original complaint, and does not adequately explain why he did not originally name Feeney as a defendant for the alleged property

2

damage. Doc. 34 at 7. Defendant also points out that Plaintiff has the option of suing Feeney in state court, and contends that Feeney's joinder is not necessary to obtaining a judgment against Defendant in the instant action. *Id.* at 9. In addition, Defendant challenges Plaintiff's claim that its litigation theory is a "new development," because Defendant asserted an affirmative defense of comparative fault in its Answer. *Id.*

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, if the district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where a lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* § 1332(a)(1).

When a party seeks to amend his complaint to add a non-diverse defendant after a case has been removed, the court may, in its discretion, "deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (district court has discretion to choose one of the two options in § 1447(e)). The district court should "closely scrutinize" the amended pleading and "be hesitant" before permitting the new non-diverse defendant to be joined. *Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019).

In addition, Federal Rule of Civil Procedure 15 requires a court to "freely give leave" to a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen a plaintiff seeks leave to amend its complaint after the time required by the district court's scheduling order, the plaintiff 'must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a).'" *AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020), quoting *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1419 (11th Cir. 1998).

### III.  DISCUSSION

Plaintiff's justification for the addition of a non-diverse party does not survive scrutiny. *See Reyes*, 774 F. App'x at 517. Further, Plaintiff has failed to demonstrate the existence of good cause under Rule 16(b) for his belated request to amend. Accordingly, the Court will exercise its discretion to deny the motions to amend and remand.

**A. The *Hensgens* Factors Weigh Against Joinder of a Non-Diverse Party.**

In exercising their discretion under 28 U.S.C. § 1447(e), courts in this Circuit often consider the factors set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See, e.g.*, *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020); *Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019); *Dever v. Fam. Dollar Stores of Georgia, LLC,* 755 F. App'x 866, 869 (11th Cir. 2018); *Bechtelheimer v. Cont'l Airlines, Inc.*, 776 F. Supp. 2d 1319, 1321 (M.D. Fla.

4

2011); *Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (all applying the *Hensgens* factors). In *Hensgens*, the court stated:

> [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens*, 833 F.2d at 1182. If the court chooses to permit the amendment, it must remand the action to state court. *Id.*; *see* 28 U.S.C. § 1447(e).

In his Motion for Remand, Plaintiff argues that Feeney's joinder is not fraudulent. Doc. 33 at 8. "Fraudulent joinder" is the term used when a plaintiff names a non-diverse defendant in a state court complaint solely to defeat federal diversity jurisdiction and prevent removal. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). A removing party seeking to show fraudulent joinder must show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant"—a "heavy" burden for the defendant. *Id.*, quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Here, however, Plaintiff seeks to add the non-diverse party *after* removal. The Court's decision is therefore governed by 28 U.S.C. § 1447(e) rather than the standard for fraudulent joinder, and Defendant does not bear any burden. *See, e.g., Cobb v. Delta Exports, Inc.*,

5

186 F.3d 675, 677 (5th Cir. 1999) ("The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed.") (emphasis in original).[1]

The Court will consider each of the *Hensgens* factors in turn.

1. *The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction*

The first *Hensgens* factor considers a plaintiff's motive in seeking joinder of the non-diverse party. *See Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020).[2] To determine motive, courts examine whether the plaintiff was aware of the non-diverse defendant before removal but only attempted to add them afterward. *Id.* In *Hickerson,* for example, the plaintiffs moved to add the driver of the vehicle they were riding in when they were injured in a car accident as a non-diverse defendant after removal. *Id.* The *Hickerson* court determined that their motive in seeking to amend the complaint was to destroy federal jurisdiction, because they had full knowledge of the driver's involvement in the accident before removal. *Id.* The

---

[1] Of course, "if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). Here, however, Defendant does not argue that it has met that heavy burden. *See* Doc. 34 at 4-5; *cf. McAreavey v. SFM, LLC*, No. 8:23-cv-48-CEH-SPF, 2023 WL 4296304, *2 (M.D. Fla. June 30, 2023) (rejecting defendant's fraudulent joinder argument before analyzing the *Hensgens* factors).

[2] Unpublished opinions of the Eleventh Circuit are not binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2; *see also U.S. v. Riley*, 706 F. App'x 956, 963-64 (11th Cir. 2017) (district court did not err by relying on an unpublished Eleventh Circuit opinion where the court understood the opinion's persuasive nature and did not err in its legal analysis).

6

court rejected the argument that the plaintiffs were unaware that the driver was at fault, noting that the police report had identified him as the responsible party. *Id.*

Similarly, in *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002), the court found that the plaintiff, an injured employee in a products liability suit against the manufacturer, knew or should have known before removal that the non-diverse department manager was involved with the circumstances of the suit. Although the plaintiff argued that he had only recently discovered the department manager's identity, the court pointed out that the plaintiff had spoken with him previously and had multiple opportunities to ascertain his role in the incident before removal. *Id.* at 1280; *see also Reyes*, 774 F. App'x at 517 (finding plaintiffs' motive for amendment was to defeat diversity when they knew about one of the new parties before the case was removed).

On the other hand, in *Shanks v. Globe Metallurgical, Inc.,* 390 F. Supp. 3d 1323, 1337 (S.D. Ala. 2019), the plaintiffs had a legitimate reason to add a non-diverse party after removal.  The first amended complaint had been filed six weeks before removal and included fictitious defendants, which the plaintiffs intended to substitute with the individuals whose acts caused or contributed to injuries and damages when they learned the individuals' identities. *Id.*  Because the plaintiffs had already conveyed their intention to pursue claims against the non-diverse parties before removal, the court found that this factor weighed in favor of amendment. *Id.*  Likewise, in *Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (Kovachevich, J.), the court found that obtaining new counsel and conducting further investigation into facts that were not

known at the inception of the suit were reasonable justifications for adding a non-diverse party after removal. *Id.*

Here, just as in *Hickerson*, Plaintiff has been aware of Feeney's involvement in the crash since it occurred. The accident report identified Feeney as the individual who made an "improper change of lane" or "pull[ed] out in front of [the] vehicle." Doc. 1-4; *see Hickerson*, 818 F. App'x at 885-86 (police report put plaintiff on notice of party's fault in accident). There is also an inference that Feeney was responsible for the collision because he fled the scene. Doc. 33 at 6. Therefore, Plaintiff knew or should have known that Feeney would be the individual held responsible for the accident well before the action was removed. He also would have been aware of his property damage since the time of the accident. Plaintiff's failure to add Feeney as a party before removal supports a finding that his addition is for the purpose of defeating diversity jurisdiction. The first *Hensgens* factor therefore weighs in Defendant's favor.

2. *Whether Plaintiff has been Dilatory in Asking for Amendment*

A plaintiff is considered dilatory in adding a non-diverse party when he "waits an unreasonable amount of time before requesting an amendment, despite having been capable of determining the party's role in the suit all along." *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 886 (11th Cir. 2020). In *Shanks*, for example, the plaintiffs were not dilatory when they sought to amend the complaint just one month after the case was removed and within the time allowed for amendments as a matter of course. *Shanks v. Globe Metallurgical, Inc.*, 390 F. Supp. 3d 1323, 1337 (S.D. Ala. 2019). On the other hand, in *Jerido v. Am. Gen. Life & Acc. Ins. Co.*, 127 F. Supp.

8

2d 1322, 1324-25 (M.D. Ala. 2001), the court found the plaintiff to be dilatory in asking for an amendment two months after removal and three months after the action was filed, because the plaintiff offered no explanation for waiting to add the non-diverse party.

The length of time after removal is not necessarily dispositive. Although the *Hickerson* plaintiffs pointed out that they moved to amend the complaint only 15 days after removal, the court noted that "swift filing does not necessarily indicate diligence." 818 F. App'x at 886. Instead, it considered the fact that the accident had occurred more than two years before the plaintiffs filed the complaint, and they were aware of the non-diverse party's role in the accident when it happened. *Id.* The plaintiffs were therefore dilatory in seeking the amendment. *Id.* In contrast, in *Bechtelheimer v. Cont'l Airlines, Inc.*, 776 F. Supp. 2d 1319, 1321 (M.D. Fla. 2011) (Covington, J.), the plaintiffs were not dilatory despite a 16-month lapse between the accident and the date they served notice on the non-diverse defendant. The court emphasized that the plaintiffs had only learned the non-diverse party's identity through discovery, and moved to join them as a defendant as soon as possible. *Id.* at 1322.

Here, Plaintiff moved to add Feeney as a party on March 11, 2024, seven months after the deadline in the Case Management and Scheduling Order (Doc. 12), a year after the case was removed and nearly two years after the accident. And, as discussed *supra*, Plaintiff had full knowledge of Feeney's involvement and likely fault in the crash, as well as of the property damage Plaintiff had sustained. *Cf.* Doc. 33 at

9

7 (arguing Plaintiff did not learn that a viable claim against Feeney existed until discovery took place). As in *Hickerson*, this unexplained two-year delay is unreasonable and dilatory. *See Hickerson*, 818 F. App'x at 886.

Plaintiff also argues that he has not been dilatory in seeking his amendment because he did not know Defendant would be pursuing a comparative fault defense. Doc. 32 at 2. However, Defendant's Answer, filed in state court, included the affirmative defense of comparative fault. Doc. 1-8 at 44 ("Plaintiff was guilty of negligence which caused or proximately contributed to causing the incident described in the Complaint and the alleged resulting injuries. Recovery, if any should be barred or reduced in proportion thereto."). Therefore, Defendant's comparative fault defense is not a reasonable justification for joining Feeney as a party now. Unlike the plaintiffs in *Bechtelheimer,* Plaintiff has not demonstrated that he learned any information he did not already have access to. And, unlike in *Shanks*, Plaintiff's request—filed after the close of discovery—is not made early in the case. *Cf.* Doc. 33 at 7 (arguing leave to amend should be "freely granted when it is requested early in a case"). Therefore, for similar reasons as the first factor, the second factor weighs in Defendant's favor.

*3. Whether Plaintiff will be Significantly Injured if Amendment is Not Allowed*

The third factor considers whether the plaintiff will be significantly injured if he cannot join the non-diverse party. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Reyes,* the court held that the plaintiff would not be significantly injured by denying the amendment to add a party, because he could obtain complete relief from the original defendant without needing to add others who were not essential to

the action. *Reyes*, 774 F. App'x at 517; *see also Korman v. Berkshire Life Ins. Co. of Am.*, 615 F. Supp. 3d 1315, 1321 (S.D. Fla. 2022) (same); *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1331 (S.D. Fla. 2017) (same). Indeed, even the necessity of a second lawsuit may not be considered a significant injury as long as the plaintiff is not "denied a full remedy." *Hickerson*, 818 F. App'x at 886. In *Hickerson*, the court found that being required to litigate against a non-diverse defendant in a separate suit in state court was not a significant injury for the purpose of the third *Hensgens* factor, even though it would result in duplicative efforts on the plaintiff's behalf. *Id.*

Here, too, Plaintiff will not be deprived of a full remedy if he is not allowed to join Feeney as a defendant, because he may bring a separate suit against Feeney for the alleged property damage in state court. Plaintiff has not demonstrated that he will be significantly injured by the denial of his motion to amend. Therefore, the third factor weighs in Defendant's favor as well.

4. *Any Other Factors Bearing on the Equities*

The last factor includes any other circumstances bearing on the equities that would weigh in favor of either party. *Hickerson*, 818 F. App'x at 886. Neither party has made substantial arguments in support of this factor. Plaintiff fails to address it, while Defendant contends that equity factors weigh against remand because Plaintiff has not introduced evidence suggesting he will be harmed if Feeney is not added to this lawsuit—an argument that is more relevant to the third factor—and asks the Court to uphold its choice of forum. Doc. 34 at 10. The Court finds that this factor is neutral

and the equities do not weigh in favor of either party. *See Hickerson*, 818 F. App'x at 886 (district court did not abuse discretion in finding same).

Overall, the *Hensgens* factors weigh against the joinder of a non-diverse party.

**B. The Belated Request to Amend Lacks Good Cause.**

In addition, Plaintiff has failed to demonstrate good cause for requesting to amend the complaint nearly seven months outside of the deadline to amend the pleadings or add parties. *See AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.*, citing *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998).

Plaintiff does not acknowledge the expiration of the deadline or the good cause standard, arguing only that "justice requires" leave to amend pursuant to Fed. R. Civ. P. 15(a), "so that all of the parties necessary for a full and equitable resolution of the claims arising from the subject accident may be resolved at one time, and in one court." Doc. 32 at 3. For the reasons discussed in Section A, *supra*, Plaintiff's desire to include a property damage claim in the same action as his insurance claim does not constitute good cause, and he has not demonstrated that he failed to meet the deadline despite his diligence. *See Taylor v. Moskow*, 717 F. App'x 836, 839 (11th Cir. 2017) (district court did not abuse its discretion in denying joinder because plaintiff did not demonstrate good cause for attempting to join new party after the deadline, where plaintiff was aware of the party's role throughout the litigation).

The Court therefore exercises its discretion to deny Plaintiff's Motion for Leave to File Amended Complaint and Motion for Remand.

Accordingly, it is **ORDERED**:

1. Plaintiff Kyle Miller's Motion to Amend Complaint (Doc. 32) is **DENIED**.

2. Plaintiff's Motion to Remand (Doc. 33) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties